Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

**No. 63599.**—Standard Wine & Liquor Co., Inc. *v.* United States, protests 73539–K, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

**No. 63600.**—V. Casazza & Bro., Inc., et al. *v.* United States, protests 91330–K, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

DECEMBER 8, 1959

**No. 63601.**—SUIT 5007.—United States *v.* General Twine Corp.——C.D. 2075. (Appeal dismissed October 6, 1959.)

BEFORE THE FIRST DIVISION, DECEMBER 15, 1959

**No. 63602.**—Lador, Inc. *v.* United States, protest 58/1695 (New York).

OLIVER, Chief Judge: This protest has been limited to certain musical movements included on the invoices covered by entries 906207 and 803146. Duty was assessed thereon at the rate of 20 per centum ad valorem under paragraph 1541 of the Tariff Act of 1930, as amended, as parts of music boxes. Plaintiff claims that the merchandise is properly classifiable as machines, not specially provided for, under paragraph 372 of the Tariff Act of 1930, as modified, with a duty assessment of 13 per centum ad valorem.

The two witnesses who appeared herein are officers of the plaintiff corporation, an importer and manufacturer of musical and nonmusical novelties. The secretary of the plaintiff corporation, who is also the factory manager, described the operation of the musical movements in question, as follows (R. 26):